J. H. DODD, ADMR. OF KYLE *v.* R. L. KUYKENDALL ET UX

Courts—Circuit Court has Right to Correct Errors not Excepted to in County Court.
    On appeal of a case from the county to the circuit court, the latter has the right to correct errors in a commissioners report not excepted to in the county court settlement.

Executors and Administrators—Use of Surplus Money—Interest.
    Where an administrator deposits moneys of an estate, with a firm of which he is a member, it will be presumed, the money was used, and he will be charged interest thereon, after two years.

APPEAL FROM FULTON CIRCUIT COURT.

September 23, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

An appeal was prosecuted from the Fulton county court settlement of the fiducial accounts of Dodd to the Fulton circuit court, by Kuykendall and wife, which court referred the case to a commissioner to settle, who found a balance against Dodd of $1408.94 due October 11, 1867. To this settlement various exceptions were taken, some of which were sustained, reducing the amount to $1181.34, from which judgment both parties prayed an appeal, but only Dodd's seems to be prosecuting it.

It is insisted that the circuit court could correct no error not excepted to in the county court, but we think this a mistake, as it was the duty of the circuit court to make a legal and correct settlement on the appeal to it.

The second error assigned is as to interest allowed against the administrator. He administered May 9, 1853, and interest is charged against him from two years thereafter. It is proven that he was a member of a firm with whom he deposited said funds and was most of the time indebted to the firm in a sum larger than his deposits, and that the firm used this money in the payments of its debts and transaction of its business.

Sec. 25, Art. 2, Chap. 37, 1 Stant. Rev. Stat., 507, provides that,

> "A personal representative, after the expiration of two years from the time he qualifies as such, *shall be presumed to have used the surplus assets in his hands, and shall be charged with interest thereon from that period,* unless he proves that he did not *use* or make interest on such assets."

Even had he not been indebted to his firm, the use by it of said funds would be regarded as his use. If the administrator uses the funds or makes interest either, it is sufficient. So the evidence in this case instead of rebutting the presumption provided by the statute, fortifies it. It was therefore proper to charge him interest on the surplus asests in his hands, but we notice that in many instances the interest calculated from one payment to another is larger than the payment, hence, by adding the interest to the principal and deducting the payment and then calculating interest on this balance to the next payment, is to some extent compounding, or making interest bear interest, which is erroneous. The correct rule is to apply payments first to the discharge of accrued interest and then apply any surplus to the reduction of the principal. This rule it will be perceived when correctly understood does not make interest bear interest, for if the payment is not adequate to the discharge of the accrued interest, then no balance should be struck, but the interest calculated on the principal until the subsequent credits are adequate to this, and then strike the balance, and so on until all the payments are adjusted. As this rule was violated in several instances in the calculation of interest, the judgment must be reversed.

It is also insisted that there was no evidence that appellees were the only heirs of decedent, Thomas Kyle and his wife, but as it seems from all the proceeding to be conceded that Mrs. Kuy-

kendall was the only heir and distributee of her deceased father and mother, this technical error and oversight might not alone have been sufficient for a reversal. Whatever balance shall finally be found against the administrator, we have no doubt the court can adjudge and coerce by execution, under Sec. 20 civil code.

Wherefore the judgment is reversed for further proceedings consistent herewith.

*James, for appellent.*

*Rodman, for appellees.*